UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Kirkland, Jr., #566432,

       Plaintiff,

v.

Marvin Keeling, John Kearney, and Thomas
Birkett,

       Defendants.

_____/

Case No. 12-15275

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 14,
2013 REPORT AND RECOMMENDATION [39]**

Plaintiff George Kirkland, Jr., a sixty-six year-old man incarcerated at Central Michigan

Correctional Facility at the beginning of this suit, has filed a 28 U.S.C. § 1983 action for

negligent actions three prison officials allegedly took regarding Plaintiff's various alleged

medical concerns. (Dkt. 1, Compl.) Plaintiff sues Dr. Marvin Keeling, a doctor at the

prison, John Kearney, a physician's assistant at the prison, and Thomas Birkett, the

prison's warden. (Compl. at 1-2.) Plaintiff seeks to recover for alleged injuries relating to

the prison's failure to remove a tube from his left eye, a broken foot, and athlete's foot.

Plaintiff requests money damages amounting to $1,500,000.00 for his eye

complications and other medical concerns. (Compl. at 14-15.)

Defendant John Kearney filed a motion to dismiss and Defendant Thomas Birkett filed

a motion for summary judgment. (Dkt. 16, 25.) Defendant Keeling joined in Kearney's

motion to dismiss. (Dkt. 37.) The Court referred all pretrial matters to the magistrate judge.

(Dkt. 17.)

The magistrate judge addressed the three injuries that Plaintiff alleged: the eye implant injuries; the broken foot; and the athlete's foot.

The magistrate judge first discussed how, for Plaintiff to succeed on a deliberate indifference claim against Defendants, he would have to prove both an objective and subjective element.  (Report and Recommendation (R&R) at 13.)

The magistrate judge addressed the eye implant allegations against Defendants Keeling and Birkett.  (*Id.* at 13.)

The magistrate judge reasoned that Plaintiff could not satisfy the subjective requirement as to Defendant Keeling.  (R&R at 13-14.)  The magistrate judge pointed out that Defendant Keeling could not remove the eye implant and that the only thing Defendant Keeling could do, request a referral to an ophthalmologist, he did do.  (*Id.* at 15.)

The Court has reviewed Plaintiff's objection concerning Defendant Keeling.  Plaintiff does not show in any way how Defendant Keeling could satisfy the subjective element of a deliberate indifference claim.

The Court therefore OVERRULES Plaintiff's objection concerning Defendant Keeling, ACCEPTS AND ADOPTS the report and recommendation, and DISMISSES all the claims against Defendant Keeling and DISMISSES him from this case.

As to Defendant Birkett, the magistrate judge discussed how Plaintiff's claim again failed at the subjective prong of a deliberate indifference claim.  (R&R at 15-16.)  The magistrate judge also found that qualified immunity would shield Defendant Birkett from suit.  (*Id.* at 17.)  The magistrate judge reasoned that Defendant Birkett "did not subjectively disregard a substantial risk of harm" to Plaintiff "by failing to transport [him] to his appointment [in St. Louis.]"  (*Id.* at 15.)  The magistrate judge reviewed letters and Michigan

2

Department of Corrections policy directives. (*Id.* at 15-16.) Defendant Birkett's letter to Plaintiff's sister shows that Birkett wrote to Plaintiff's sister and informed her why Plaintiff did not receive approval to attend the St. Louis appointment. (*Id.* at 15.) The policy directives show that the MDOC does allow for outside provider appointments, but only in very limited circumstances and with prior approval, which Plaintiff did not seek. (*Id.*) The magistrate judge pointed out that Defendant Birkett, in denying Plaintiff's request, "simply complied with MDOC [p]olicy." (*Id.* at 16.) The magistrate judge also pointed out that MDOC policy endows the Bureau of Health Services with the MDOC's health services program and that it is supposed to coordinate all health care services. (*Id.* at 16-17.)

Given that discussion, the magistrate judge reasoned that the health care staff, not the warden, Defendant Birkett, was responsible for making an appointment for Plaintiff. (R&R at 17.)

Plaintiff objects to the report with respect to Defendant Birkett because he claims that Defendant Birkett had knowledge that Plaintiff had an outside appointment and that he needed an appointment with an ophthalmologist, yet did nothing about it. (Pl.'s Objections at 5.)

The Court OVERRULES Plaintiff's objection with respect to Defendant Birkett. Plaintiff has not shown that Defendant Birkett subjectively disregarded a substantial risk of harm. While Plaintiff states that Defendant Birkett knew of the eye implant issues, Plaintiff does not address, what the magistrate judge points out, the warden's inability to  grant the requested relief and the warden's adherence to MDOC policy for the safety of prisoners and the public. The magistrate judge pointed out that the Bureau of Health Services was responsible for health services, not the warden.

3

The Court agrees with the magistrate judge and therefore ACCEPTS and ADOPTS his report and recommendation.  Plaintiff has not satisfied the subjective element of a deliberate indifference claim.  Defendant Birkett's actions do not rise to a constitutional violation.  The Court therefore GRANTS Defendant Birkett's motion for summary judgment and dismisses him from this case.

The magistrate judge recommended that the Court deny Defendant Kearney's motion to dismiss, relating to Plaintiff's allegations of Defendant Kearney's alleged deliberate indifference to Plaintiff's broken foot.  (R&R at 20.)  Neither party has objected to this recommendation. The Court therefore ACCEPTS and ADOPTS it and DENIES Defendant Kearney's motion to dismiss.

Last, the magistrate judge recommended finding that Plaintiff failed to state a claim of deliberate indifference concerning Plaintiff's athlete's foot allegations.  (R&R at 20-22.)  The magistrate judge reasoned that athlete's foot does not rise to an objective "sufficiently grave and serious condition" needed for a deliberate indifference claim.  (*Id.* at 21.)  The magistrate judge also reasoned that Defendants Wheeling and Kearney treated the athlete's foot with creams and Plaintiff saw results, a clearing of the rash.  Given that Defendants treated the athlete's foot, the magistrate judge reasoned that Plaintiff could not satisfy the subjective component of a deliberate indifference claim.

The Court has reviewed Plaintiff's objections.  Plaintiff primarily disputes the effectiveness of treatment.  But, as the magistrate judge reviewed, a plaintiff does not get to pick and choose which type of treatment he receives if he is receiving some treatment. Here, Plaintiff received treatment and the treatment worked to an extent, even though the athlete's foot came back after a short while.

4

The Court finds that Plaintiff cannot sustain a claim of deliberate indifference based on his athlete's foot condition. The Court finds that the magistrate judge fully addressed the issue in his report and recommendation.  The Court therefore OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation regarding the athlete's food condition.

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows: the Court ACCEPTS AND ADOPTS the magistrate judge's report and recommendation.  The Court therefore GRANTS Keeling's motion to dismiss (dkt. 37), DENIES IN PART AND GRANTS IN PART Kearney's motion to dismiss (dkt. 16), and GRANTS Birkett's motion for summary judgment (dkt. 25).

 The sole claim going forward is the deliberate indifference claim against Kearney with regards to the broken foot.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2014, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer