UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE KIRKLAND,

      Plaintiff,                    CIVIL ACTION NO. 12-CV-15275

     vs.                           DISTRICT JUDGE NANCY G. EDMUNDS

                                    MAGISTRATE JUDGE MONA K. MAJZOUB

MARVIN KEELING, et al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL [59], FOR IMMEDIATE CONSIDERATION [60] AND TO ADD DEFENDANT [61]**

Plaintiff George Kirkland, currently a prisoner at the Ojibway Correctional Facility in Marinisco, Michigan, filed this action on November 30, 2012, under 42 U.S.C. § 1983 against Defendants Marvin Keeling (Director of the Medical Department at the Central Michigan Correctional Facility), John Kearney (a Physician's Assistant at the Central Michigan facility), and Thomas Birkett (Warden of the Central Michigan facility), alleging that they violated his Eight Amendment right to be free of cruel and unusual punishment when they did not authorize removal of a tube implanted in his tear duct and when they improperly treated his broken ankle and athlete's foot. (*Id.*). On January 16, 2014, the Court accepted and adopted a Report and Recommendation entered by Magistrate Judge Mark A. Randon; the Court dismissed Plaintiff's claims against Defendants Birkett and Keeling and Plaintiff's claims against Defendant Kearney with regard to his eye implant and his athlete's foot. (Docket no. 58.) Thus, Plaintiff's only remaining claim is his claim against Defendant Kearney for his alleged failure to properly treat Plaintiff's broken ankle.

1

Before the Court are Plaintiff's Motion for Appointment of Counsel (docket no. 59), Motion for Immediate Consideration of his Motion for Appointment of Counsel (docket no. 60) and Motion to Add Defendant (docket no. 61.) Defendant Kearney filed a Response to Plaintiff's Motion to Add Defendant. (Docket no. 63.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 62.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

## II.    Plaintiff's Motion for Appointment of Counsel [59] and Motion for Immediate Consideration [60]

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff. Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process, he has proceeded in this matter for nearly 17 months without assistance, and he has asserted no need for counsel other than his financial inability to

2

secure his own counsel and the general "complexity of this case." Accordingly, Plaintiff's Motion for Appointment of Counsel will be DENIED without prejudice. Having decided the instant Motion, the Court will also DENY Plaintiff's Motion for Immediate Consideration of the same as moot.

### III.     Plaintiff's Motion to Add Defendant [61]

Although titled as a Motion to Add Defendant, Plaintiff's Motion is a Motion to Amend, in which he seeks to add an additional Defendant to his Complaint, Dr. Harriet Squier. (*See* docket no. 61.) Plaintiff did not attach a copy of his proposed Amended Complaint as required by E.D. Mich. Local Rule 15.1, but "[f]ailure to comply with this Rule is not grounds for denial of the motion." Through his Motion, Plaintiff implies that Dr. Squier is responsible for denying Plaintiff's requests to see an opthamologist. (Docket no. 61.)

As a matter of course, a party is permitted to amend its pleading "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Additionally, a court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted). And a court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines

3

whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant Kearney asserts that allowing Petitioner to amend his Complaint to add Dr. Squier as a defendant would be futile. The Court agrees. To make out a claim for deliberate-indifference under the Eight Amendment, a Plaintiff must satisfy two components–an objective component, and a subjective component. *Id.* (citing *Harrison v. Ash*, 538 F.3d 510, 518 (6th Cir. 2008)). "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)). Even construing Plaintiff's complaint

4

liberally, as the Court must, and even assuming, *arguendo*, that Plaintiff's Amended Complaint would properly allege facts against Dr. Squier as Plaintiff's sets forth in his Motion, Plaintiff cannot satisfy either element.

### A. The Objective Component

To satisfy the objective component, "'the plaintiff must allege that the medical need at issue is "sufficiently serious."'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))). That is, the plaintiff must show that he "faced a substantial risk of serious harm." *Villegas*, 709 F.3d at 568. But "[t]he objective component further 'requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency'–that is, it 'is not one that today's society chooses to tolerate.'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). Therefore, the plaintiff must show that (1) he "faced a substantial risk of serious harm," and (2) the "risk is one that society chooses not to tolerate." *Id.*

Magistrate Judge Randon set forth the basis for Plaintiff's claims in his August 14, 2013 Report and Recommendation. (Docket no. 39 at 2-5.) For purposes of this Opinion and Order, the Court adopts the Background as set forth therein and acknowledges that Plaintiff's claims arise from the MDOC's refusal to allow Plaintiff to have a Crawford Tube removed from his left nasolacrimal duct and that several doctors, including some MDOC doctors, noted that the tube should be removed. (*See id.*) Additionally, accepting the factual allegations in Plaintiff's Motion as true, the Court finds that Dr. Squier was the individual who denied Plaintiff's requests to visit with an opthamologist to have the tube removed even after Plaintiff's examining MDOC doctors recommended that the tube be removed. (*See* docket no. 61 at 1-4.)

5

Nevertheless, Plaintiff has only alleged that the presence of the tube causes tearing and itching. (*See* docket no. 1 at 8.) Thus, instead of alleging that he faces a substantial risk of serious harm should the tube not be removed, Plaintiff's claim is premised on the mere fact that his doctors believe the tube should be removed. (*See id.* at 7, 8, 9.) Plaintiff's doctors also noted, however, that removal of the tube "is not an urgent requirement." (*See* docket no. 61 at 5 (quoting letter from Dr. Christianson); *see also* docket no. 61 at 7 (quoting letter from Dr. Christianson stating that "there is probably no harm in leaving [the tube] there as long as it is checked regularly").) Thus, Plaintiff's allegation is not sufficiently serious to make out a claim under the Eighth Amendment. Moreover, Plaintiff was referred to opthamologist Dr. Mr. Stempihar on March 11, 2014. Dr. Stempihar noted that while "the patient is insistent that he still has the Crawford tube in place," he "d[id] not see any evidence of it." Plaintiff acknowledges this finding and simply notes that he will "not asks (sic) anymore (sic) questions concerning his Crawford tube and conditions of [his] left eye until he receives Dr. Stempihar (sic) findings," which he attached to his Motion as Exhibit F. (*Id.* at 12.) Plaintiff now complains that he has not been allowed to return to Dr. Stempihar for a follow-up visit. (*Id.*) Thus, it is not clear whether Plaintiff's Crawford tube is even still implanted in his tear duct.

### B. The Subjective Component

To satisfy the subjective component of a deliberate indifference claim and show that the defendant had a sufficiently culpable state of mind, a plaintiff must show that "'the official knows of and disregards' the substantial risk of serious harm." *Villegas*, 709 F.3d at 569 (quoting *Harrison*, 539 F.3d at 518). The plaintiff need not prove, however, "that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock,* 273 F.3d at 703 (quoting *Farmer,* 511 U.S. at 835). Instead, a plaintiff must show that (1) "the official being sued

6

subjectively perceived facts from which to infer substantial risk to the [plaintiff]," (2) the official "did in fact draw that inference," and (3) the official "then disregarded that risk." *Quigley*, 707 F.3d at 681 (internal quotations omitted). Moreover, "[d]irect evidence about a defendant's knowledge is not necessary, but rather, the knowledge aspect of the subjective component can be determined ["in the usual ways, including inference from circumstantial evidence" *Quigley*, 707 F.3d at 682]." *Villegas*, 709 F.3d at 569. For example, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Quigley*, 707 F.3d at 682; *see also Villegas*, 709 F.3d at 569.

  Plaintiff has alleged that Dr. Squier knew of his condition and that she denied his requests to see an opthamologist and to have the Crawford tube removed, but he has not alleged, and he cannot show, that Dr. Squier subjectively perceived facts from which to infer a substantial risk to Plaintiff or, if she did, that she disregarded that risk. To the contrary, the MDOC consultation reports that Plaintiff attached to his Motion show that Dr. Squier reviewed Plaintiff's medical reports and considered the necessity of having the tube removed. Dr. Squier noted that there was "[n]o indication that any negative medical consequences have resulted from leaving the tube in place," and that the "[s]tent must be obstructed to consider removal." (Docket no. 61 at 15, 16, 18, 20.) At most, Plaintiff has suggested that Dr. Squier's denial of his request amounted to inadequate care. And "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess the medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Therefore, Plaintiff has not alleged that Dr. Squier was deliberately indifferent, and his Motion to Amend will be denied.

7

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [59] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Immediate Consideration of his Motion for Appointment of Counsel [60] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Defendant [61] is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  May 5, 2014			s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon George Kirkland and Counsel of Record on this date.

Dated: May 5, 2014			s/ Lisa C. Bartlett
					Case Manager